ELMER WILLIAMS v. MAXIE HAYES AND RABON TRANSFER COMPANY

No. 7020SC556

(Filed 30 December 1970)

1. Damages § 3; Trial § 52— refusal to set aside verdict as excessive

The trial court did not abuse its discretion in refusing to set aside as excessive verdict of $5,000 for injuries received by plaintiff when his car was struck by defendants' tractor-trailer, the evidence having tended to show that plaintiff had sustained some permanent disability of his left hand and arm as a result of the accident.

2. Damages §§ 3, 16— instructions — permanent injury

The trial court did not err in charging the jury on permanent injury as an element of damages where plaintiff testified that at the time of the trial he continued to suffer pain in his left hand and arm and that he had a loss of feeling in his arm, and defendants' medical expert testified that plaintiff has some permanent disability of his left arm but that it is minimal.

APPEAL by defendants from *McConnell, Superior Court Judge,* April 1970 Session of Superior Court held in ANSON County.

Plaintiff alleged that he suffered permanent injuries as a proximate result of the actionable negligence of the defendants when a car he was driving was struck by a tractor-trailer being operated by defendant Hayes as agent of defendant Rabon Transfer Company.

When the case was called for trial, the defendants admitted negligence and liability. The only issue submitted to the jury was the amount of damages. The jury answered the issue in the

sum of $5,000, and from the judgment entered on the verdict, the defendants appealed to the Court of Appeals.

*Henry T. Drake for plaintiff appellee.*

*F. O'Neil Jones for defendant appellants.*

MALLARD, Chief Judge.

[1] Defendants moved that the verdict be set aside for the asserted reason that the verdict was excessive. The rule with respect to such motions is set forth in 7 Strong, N. C. Index 2d, Trial, § 52, as follows:

> "A motion to set aside the verdict and for a new trial for inadequacy or excessiveness of the award of damages is addressed to the discretion of the trial court, and its ruling thereon is not reviewable in the absence of an abuse of discretion."

The evidence of the plaintiff tended to show that he had sustained some permanent impairment of his left hand and arm as a result of the injuries. Defendants' witness, Dr. Cecil Milton, testified as to plaintiff's injuries:

> "It is my feeling that these injuries had gone on to a good level of recovery and permanent disability would be minimal and in the range of less than five percent for the left arm."

We hold that the trial judge did not abuse his discretion in refusing to set aside the verdict.

[2] Defendants also contend that the trial judge committed error in charging the jury as to permanent injuries on the issue of damages. The general rule with respect to the construction of the judge's charge is set forth in 7 Strong, N. C. Index 2d, Trial, § 33:

> "A charge will be construed contextually as a whole, and when, so construed, it presents the law of the case in such manner as to leave no reasonable cause to believe the jury was misled or misinformed, and exception thereto will not be sustained, even though the instruction might have been more aptly given in different form."

In the case of *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40 (1964), the rule with respect to when the judge should charge on permanent injury is stated:

"Where there is evidence from which a conclusion of permanent injury proximately resulting from the wrongful act may properly be drawn, the court should charge the jury so as to permit its inclusion in an award of damages."

There were only two witnesses in this case, the plaintiff and the defendants' witness, Dr. Cecil J. Milton. The parties stipulated that Dr. Milton was an expert medical witness. Dr. Milton's testimony quoted above indicates that plaintiff has some permanent disability but that it is minimal. Plaintiff testified, among other things, that at the time of the trial he continued to suffer pain in his hand and arm and that he had a loss of feeling in his arm.

In this case there was some evidence from which the conclusion of some permanent injury to plaintiff could properly be drawn. The court did not commit error in charging the jury on permanent injury. When the charge in this case is construed as a whole, no prejudicial error is made to appear.

In the trial we find no error.

No error.

Judges PARKER and GRAHAM concur.